```
                                               [ FILED ]

      IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF ALABAMA        FEB - 8 2002
              NORTHERN DIVISION
                                                   CLERK
                                              U.S. DISTRICT COURT
ROBERT T. BENNETT AND          )              MIDDLE DIST. OF ALA.
ROSEMARY BENNETT,              )
                               )
     Plaintiffs,               )
                               )
v.                             )   CIVIL ACTION 02-D-120-N
                               )
AMERICAN MEDICAL SECURITY,     )
et al.,                        )
                               )
     Defendants.               )
```

O R D E R

Defendants have removed the present action from the Circuit Court of Barbour County, Alabama. (Doc. No. 1.) In instances such as these, "the burden of proving jurisdiction lies with the removing defendant." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In support of their contention that jurisdiction is proper pursuant to 28 U.S.C. § 1332, Defendants' Notice of Removal argues to great length that one of their own has been fraudulently joined; but for this Alabama citizen, complete diversity of citizenship would be found. (Doc. No. 1.) However, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement" of $75,000. Williams, 269 F.3d at 1319. Defendants have merely offered a blanket assertion in a footnote that they have satisfied their "heavy"

OD  2/8/02


EXHIBIT F

burden. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The Eleventh Circuit has explicitly held that a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20. As such, the court concludes that it lacks jurisdiction over the present matter.[1]

Accordingly, it is CONSIDERED and ORDERED that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 8th of February, 2002.

UNITED STATES DISTRICT JUDGE

---

[1] Although the Williams court held that "a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal," this was permissive rather than mandatory language. The court does not believe that considerations of judicial economy favor a "shoot first, ask questions later" policy by which unsupported assertions in the Notice of Removal can provide the basis for subsequent satellite proceedings surrounding the court's limited jurisdiction over state concerns. Therefore, the remand of the present matter is appropriate at this juncture.