IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARY COPE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN INTERNATIONAL GROUP, INC.; )<br>et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 3:05-CV-00751-SRW |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY

**COME NOW** Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint) ("American General"), as successor to American General Finance, Inc., Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this memorandum of law in support of their Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery. In support of their motion, Defendants show unto the Court the following:

1394704

## I. INTRODUCTION

On or about July 7, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Macon County, Alabama, CV-05-135. It is of the type referred to by the plaintiffs' bar as a "flipping and packing" case, alleging certain putative misconduct with respect to the refinancing of consumer loans and the sale of credit life, disability and/or property insurance in connection with those loans. Specifically, Plaintiff alleges that the Defendants misrepresented the optional nature of credit insurance and the financial benefits of refinancing and consolidating prior debt with respect to a loan she obtained in 1997.

This lawsuit is one of a number of boilerplate identical consumer finance suits recently filed by Plaintiff's counsel, including ten in Alabama and twelve in Tennessee.[1] These

---

[1] Defendants have removed all of the lawsuits in Alabama, one other of which is pending before this Court. The state court styles of those matters are as follows: James Poole v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-133; Sandra Green v. American International Group, Inc., et al., In the Circuit Court of Sumter County, Alabama, Civil Action Number: CV-05-48; George Mason v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-137; Stephanie Mayberry v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-142; Bernice Poole-Reese v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-134; Willie Lee Poole v. American International Group, Inc., et al., In the Circuit Court of Montgomery County, Alabama, Civil Action Number: CV-05-1653; Steve and Nancy Robinson v. American International Group, Inc., et al., In the Circuit Court of Perry County, Alabama, Civil Action Number: CV-05-51; Tony and Dorothy Turner v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-136; and Edward Waller v. American International Group, Inc., et al., In the Circuit Court of Hale County, Alabama, Civil Action Number: CV-05-97.

Plaintiff's counsel has filed the following matters in Tennessee, which defendants have removed or intend to remove: Richard Irby and Elizabeth Irby v. American International Group, et al., In the Circuit Court of Shelby County, Tennessee; Civil Action No. CI-004106-05; Belinda Marshall v. American International Group Inc. aka AIG Insurance, et al.; In the Circuit Court of Shelby County, Tennessee; CT-4287-05; Regina Trezevant v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4288-05; Elmo Thomas v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4290-05; Roosevelt Walton v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County,

complaints come on the heels of innumerable lawsuits Plaintiff's counsel has filed in Mississippi over the past several years, involving thousands of plaintiffs, each making virtually identical meritless claims and fraudulently joining non-diverse defendants.[2] In fact, federal courts in

---

Tennessee; CT-4292-05; Sheila Upshaw v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4293-05; Gloria Garrett v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4374-05; O.M. Mason v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4110-05; Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4105-05; Ruthie Sims and Curtis Sims v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4109-05; Fannie Armstrong v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4576-05; and Walter Oliver and Mary Oliver v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4574-05. Defendants have, or will remove these cases, as well.

As an example of the complaints filed in Tennessee, submitted herewith as Exhibit "B" is a true and correct copy of the complaint filed in the lawsuit styled Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4105-05. This complaint is word for word identical to the Complaint herein, except for the name of certain parties.

[2] Plaintiff's counsel has filed the following seventeen matters in Mississippi, each with multiple plaintiffs and virtually identical allegations: Dorothy Corbin, et al. v. American General Financial Services, Inc., et al, In the Circuit Court of Washington County, Mississippi, Civil Action Number: CI2004-216; Stonewall v. American General Finance, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number: 2004-0011CV2L; Freddie Graham, et al. v. American International Group, Inc., et al., In the Circuit Court of Bolivar County, Mississippi, First Judicial District, Civil Action Number: 2002-333; Alice Brown, et al. v. American International Group, Inc., et al., In the Circuit Court of Leflore County, Mississippi, Civil Action Number: 2002-0173-CICI; Doris Beaman, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-0638-CI; Beatrice Jackson, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi; Civil Action Number: 2002-0640-CI; Robert Beckley, Roger Daniels, Ginie Garth, Darlene Smith and Bruce Whitfield, v. American General Financial Services, Inc., et al., In the Circuit Court of Washington County, Mississippi, Civil Action Number: CI2004-216; Marcia Pettis, et al. v. American General Financial Services, Inc., et al.; In the Circuit Court of Washington County, Mississippi, Civil Action Number: CI2004-237; Delia Andrews v. American International Group, et al., In the Circuit Court of Jones County, Mississippi, Laurel Division; Civil Action Number: 2004-194-CV8; Greg Bennamon, et al. v. American International Group, Inc., In the Circuit Court of Kemper County, Mississippi, Civil Action Number: CV-2002-108; Brad Gatlin, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi,

Mississippi, recognizing the attempt by the plaintiffs' bar to avoid proper diversity jurisdiction by fraudulently joining such defendants, have routinely denied remand and exercised diversity jurisdiction, ultimately rendering summary judgment for the defendant on the plaintiffs' claims.[3]

---

Laurel Division, Civil Action Number: CV-2002-1026; Edward Morgan, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel Division, Civil Action Number: CV-2002-1029; George Washington, et al. v. American International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Vaiden Division, Civil Action Number: CV-2002-0018-2V2M; Bernice Baker, et al. v. American International Group, Inc., et al., In the Circuit Court of Washington County, Mississippi, Civil Action Number: CV-2002-405; Ora J. Bell v. American General Finance, Inc., et al., In the Circuit Court of Holmes County, Mississippi, Civil Action Number: 2002-0002; Frances Jones, et al. v. American International Group, Inc., et al., In the Circuit Court of Jones County, Mississippi, Civil Action Number: 2002-118-CV3; and Tommy Faye Jones, et al. v. American International Group, Inc., et al., In the Circuit Court Of Sunflower County, Mississippi, Civil Action Number: CV-2002-0156-CI.

Indeed, just last week, Plaintiff's counsel filed amended complaints in certain of these Mississippi lawsuits, including, *inter alia*, Doris Beaman, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-0638-CI, and Willie T. Stonewall, et al. v. American International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number: 2004-0011-CV-2L. The allegations of those amended complaints mirror those in the one at hand. A sample of such an amended complaint, filed in the Beamon lawsuit, is attached hereto as Exhibit "C."

[3] The consumer finance lawsuits in Mississippi in which federal courts have denied remand, and in some of which the courts have already granted summary judgment for the defendants, include: Boone v. Citigroup, Inc., ___ F.3d ___, 2005 WL 1581091 (5th Cir. July 7, 2005); Ross v. Citifinancial, Inc., 344 F.3d 458 (5th Cir. 2003), *r'hng en banc denied*, Jan. 25, 2005 (nos. 02-60608 & 02-60609); Clark v. Commercial Credit Corp., ___ F. Supp. 2d ___, 2005 WL 428476 at *3 (S.D. Miss. Feb. 7, 2005); Lee Frye, et al. v. American General Finance, Inc., et al.; In the United States District Court; Southern District of Mississippi; Western Division; No. 5:02cv122BrS (S.D. Miss. Feb. 9, 2004); Queen v. American General Finance, Inc., 289 F. Supp. 2d 782 (S.D. Miss. 2003); Lott v. First Family Financial Servs., Inc., No. 2:02cv56PG (S.D. Miss July 11, 2003); Green v. American General Finance, Inc., 2003 WL 1191183 (S.D. Miss. March 7, 2003); Stacher v. American General Finance, Inc., 2003 WL 1191182 (S.D. Miss. March 7, 2003); Barnes v. First Franklin Finance Corp., No. 3:02cv1259LN (S.D. Miss. Mar. 31, 2003); Brown v. Citigroup, No. 2:02cv112PG (S.D. Miss. Mar. 21, 2003); Anderson v. First Family Financial Servs., Inc., No. 4:02cv55PB (N.D. Miss. Mar. 6, 2003); Bolden v. Kentucky Finance Co., No. 4:02cv98LN (S.D. Miss. Feb. 28, 2003); Walker v. City Finance Co., 2003 WL 554613 (N.D. Miss. Feb. 12, 2003); Benson v. City Finance Co., No. 1:02cv242DD, slip op. at 6 (N.D. Miss. Feb. 12, 2003); Conner v. First Family Financial Services, Inc., 2002 WL 31056778 (N.D. Miss. Aug. 28, 2002); Ross v. First Family Financial Services, Inc., 2002 WL 31059582,

In the present action, Plaintiff advances a variety of vague allegations designed to defeat Defendants' valid fraudulent joinder argument. (See Plaintiff's Complaint, ¶¶12-22). Specifically, Plaintiff asserts in her Complaint that Kathie Rowell, the only non-diverse Defendant, misrepresented that credit insurance was a "good deal" and that purchasing such insurance would improve her chances of being approved for the loan in question. (Plaintiff's Complaint, ¶¶12, 15). Moreover, Plaintiff alleges that Rowell misrepresented to her that refinancing and consolidating prior debt would save her money. (Plaintiff's Complaint, ¶14). Based on these allegations, Plaintiff appears to assert the following individual causes of action with respect to a loan she obtained more than seven years ago: (1) fraudulent misrepresentation/and or concealment; (2) negligent misrepresentation; (3) negligent and/or wanton hiring, training, and supervision; and (4) breach of fiduciary duties.

On or about August 8, 2005, Defendants removed the present action to this Court on diversity jurisdiction grounds under 28 U.S.C. § 1332(a). Defendants specifically demonstrated in their Notice of Removal that diversity jurisdiction exists in the present action because the amount in controversy exceeds $75,000 and because Kathie Rowell has been fraudulently joined.

On or about August 29, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity jurisdiction. Defendants' response to Plaintiff's Motion to Remand is due September 20, 2005.

---

(N.D. Miss. Aug. 29, 2002); Strong v. First Family Fin. Services, Inc., 202 F. Supp. 2d 536 (S.D. Miss. 2002); Henley v. Pioneer Credit Co., 2002 WL 1013110 (N.D. Miss. Apr. 10, 2002); Harrison v. Commercial Credit Corp., 2002 WL 548281 (S.D. Miss. Mar. 29, 2002); Ellis v. Washington Mutual Finance Group, No. 4:01cv144-L-N (S.D. Miss. May 8, 2002); Cooley v. Washington Mutual Finance Group, 2002 WL 1768897 (S.D. Miss. July 29, 2002); Howard v. CitiFinancial, Inc., 195 F. Supp. 2d 811 (S.D. Miss. 2002); Ross v. CitiFinancial, Inc., 2002 WL 461567 (S.D. Miss. Mar. 18, 2002); Johnson v. CitiFinancial, Inc.; 5:01cv215BN (S.D. Miss. Mar. 8, 2002); Crockett v. CitiFinancial, Inc., 4:01cv172-MD (N.D. Miss. Feb. 28, 2002); and Carter v. Union Sec. Life Ins. Co., 148 F. Supp. 2d 734 (S.D. Miss. 2001).

Significantly, in one of the other identical lawsuits Plaintiff's counsel has filed in Alabama, <u>Willie Lee Poole v. American International Group, Inc., et al.</u>, in the United States District Court for the Middle District of Alabama, Northern Division, Civil Action Number: 2:05-CV-774, the Honorable Mark Fuller has already considered and granted an identical motion for an extension of time to respond in order to conduct remand-related discovery. (<u>See</u> Ex. A). Judge Fuller's decision provides persuasive authority that this Court should grant Defendants' motion in this matter.

## II. ARGUMENT

Defendants request additional time to respond to Plaintiff's Motion to Remand for the purpose of conducting remand-related discovery. As demonstrated in detail below, such discovery is necessary in order for Defendants to submit a fully informed response to Plaintiff's Motion to Remand. Indeed, absent discovery, it is difficult to ascertain the alleged facts supporting Plaintiff's claims, for the allegations in the Complaint are left intentionally vague, which Plaintiff undoubtedly hopes will save her Complaint from a finding that there is no possibility of recovery against the non-diverse Defendant, thereby avoiding the proper exercise by this Court of diversity jurisdiction. Therefore, Defendants need to take remand-related discovery to flesh out the facts and definitively show that Plaintiff has no possible cause of action against Kathie Rowell and, accordingly, that said Defendant has been fraudulently joined. Similarly, such discovery is also needed for Defendants to conclusively prove that Plaintiff's claim for damages exceeds $75,000 and, accordingly, that the jurisdictional amount in controversy requirement has been satisfied. For these reasons and others, Defendant's Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to be granted.

### A.   Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Issue of Fraudulent Joinder.

As demonstrated above and in their Notice of Removal, Defendants contend that there is complete diversity among the parties in the present action because Kathie Rowell, the only non-diverse Defendant, has been fraudulently joined. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255, 1256 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction."). Fraudulent joinder exists where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). Plaintiff cannot possibly prove a cause of action against Kathie Rowell because her claims against said Defendant, which relate to a loan that is more than seven years old, are both time-barred on their face by the applicable statute of limitations and fail as a matter of law. Defendants, however, need to conduct remand-related discovery in order to substantiate these contentions and demonstrate that the non-diverse Defendant has been fraudulently joined in the present action.

### 1.   Defendants Need to Conduct Remand-Related Discovery in Order to Demonstrate that Plaintiff's Claim Against the Non-Diverse Defendant is Time-Barred by the Statute of Limitations.

Federal courts in Alabama have repeatedly found fraudulent joinder, and denied motions to remand, in virtually identical cases where the applicable statute of limitations bars all claims against a non-diverse defendant. See Owens v. Life Ins. Co. of Georgia, 289 F.Supp.2d 1319 (M.D. Ala. 2003); Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243

(N.D. Ala. 2003); Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255 (M.D. Ala. 2001); Wakeland v. Brown & Williamson Tobacco Corp., 996 F.Supp. 1213 (S.D. Ala. 1998).

In Owens, the most recent of these decisions, and a case remarkably similar to that at hand, the plaintiff brought an action in 2003 against an insurance company and a non-diverse individual defendant based upon alleged misrepresentations and/or omissions made by the individual defendant, as agent for the insurance company, with respect to a life insurance policy purchased in 1984. Owens, 289 F.Supp.2d at 1321. In conjunction with these allegations, the plaintiff asserted claims for breach of contract, fraud, and fraudulent suppression against both defendants. Id. The defendants subsequently removed the case, arguing that complete diversity existed by virtue of the individual defendant's fraudulent joinder. Id. at 1321-23.

In addressing the propriety of removal, Judge Fuller found that the plaintiff was provided with documentation in 1984 that both contradicted the alleged oral misrepresentations and provided the information allegedly suppressed. Id. at 1326. Accordingly, the Court concluded that the plaintiff "should have discovered the possibility of fraud and misrepresentation in 1984 when he purchased the Policy, and the two year statute of limitations commenced running at that time." Id. Plaintiff's claims against the individual defendant were, therefore, found to be barred by the two year statute of limitations. Id. Because the statute of limitations precluded any possibility of establishing a cause of action against the individual defendant, the Court held that said defendant was, in fact, fraudulently joined and denied the plaintiff's motion to remand. Id.

As demonstrated above, fraud claims in the consumer finance context accrue, and the applicable statute of limitations begins to run, when the borrower receives documents putting him or her on notice of the alleged fraud. See id.; Ex parte American General Finance, Inc., 795 So. 2d 685, 689-91 (Ala. 2000) ("fraud is discoverable as a matter of law for purposes of the

statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered."). As such, the operative issue in any statute of limitations inquiry in the consumer fraud context, including the present action, is whether the plaintiff received documents that put him or her on notice of the alleged fraud, i.e., documents that contradicted the alleged misrepresentations and/or provided the information alleged suppressed. See id. If the plaintiff did receive such documentation, then his/her fraud claims accrued, and the statute of limitations began to run, at the time said documents were received. See id.

Plaintiff's loan documents in the present action expressly state that the purchase of credit insurance was optional, which would contradict any alleged misrepresentation to the contrary. (The Affidavit of Robert S. Ritter authenticating Plaintiff's loan documents is attached to Defendant's Motion as Exhibit "D"; a copy of Plaintiff's 1997 loan documents is attached to the Affidavit of Robert S. Ritter as Exhibit "D(1)."). Specifically, said documents state:

> INSURANCE: Credit life and/or credit disability insurance and/or credit involuntary unemployment insurance are not required to obtain a loan and will not be provided unless you sign and agree to pay the additional cost. You understand that we and/or our insurance affiliates anticipate a benefit and/or a profit from the sale of insurance, and you consent thereto if you select such insurance.

(Ex. D(1)). Just below this disclosure, Plaintiff provided her signature below the phrase: "I want single decreasing credit life and single credit disability insurance." (Ex. D(1)). Given these disclosures, as long as Plaintiff received these documents, which she would have in the ordinary course, then it is clear that Plaintiff's loan documents put her on notice of Defendant's alleged fraud. See Owens, 289 F.Supp.2d at 1326; Ex parte American General Finance, Inc., 795 So.2d at 689-91.

To the extent Plaintiff alleges that the documents did not put her on notice of the alleged fraud, then Defendants are entitled to determine precisely the misrepresentations Plaintiff contends were made about the insurance, which is impossible to do from the Complaint. Accordingly, Defendants request additional time to conduct the necessary discovery regarding Plaintiff's receipt of documents putting her on notice of her fraud claims, and to clarify the vague allegations of Plaintiff's Complaint.

    2.    **Defendants Need to Conduct Remand-Related Discovery in Order to Demonstrate that Plaintiff's Claims Against the Non-Diverse Defendant Fails as a Matter of Law.**

Fraudulent joinder also exists where the Plaintiff's claims against a non-diverse defendant fail as a matter of law. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255 (M.D. Ala. 2001) (finding fraudulent joinder with respect to a breach of contract claim against a non-diverse defendant where said defendant was not a party to the contract in question); see also Levitt v. Independent Life And Acc. Ins. Co., 814 F.Supp. 1053 (M.D. Ala. 1993). With that said, Defendants currently possess information suggesting that Plaintiff has no possible cause of action against Kathie Rowell. Remand-related discovery is needed, however, to fully develop these fraudulent joinder arguments and conclusively prove that all of Plaintiff's claims against this non-diverse Defendant fail as a matter of law.

    a.    **Defendants Need Additional Time to Conduct Discovery Regarding Whether Plaintiff "Reasonably Relied" on Defendants' Alleged Misrepresentations.**

Defendants need additional time to conduct discovery regarding whether Plaintiff "reasonably relied" on Defendants' alleged misrepresentations. The Alabama Supreme Court has specifically held that recovery under a fraud theory requires a showing that the plaintiff "reasonably relied" on the alleged misrepresentations. See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). "If the circumstances are such that a reasonably prudent person who

exercised ordinary care would have discovered the true facts," then the plaintiffs' reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)). Specifically, "reliance can be declared unreasonable, **as a matter of law**, 'where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms' that clearly contradicted the alleged misrepresentations." Massey Automotive, 895 So.2d at 220 (quoting Foremost, 693 So.2d at 421) (emphasis added).

The foregoing principles are best illustrated by the Alabama Supreme Court's recent decision in Liberty National Life Ins. Co. v. Ingram, 887 So.2d 222 (Ala. 2004). In Ingram, the plaintiff sued the defendant insurer for fraud based on allegations that said insurer told him that his policy would be paid up after 10 years. Id. at 223. In actuality, premiums on the policy at issue were payable for the entire life of the policy. Id. at 228. The plaintiff's policy clearly disclosed this fact, but the plaintiff admitted that he failed to read said policy. Id. Because the plaintiff received, but failed to read, documents clearly contradicting the alleged misrepresentations, the Court held that "[he] did not reasonably rely on [the insurer's] representation." Id. at 229. Accordingly, the Court concluded that the plaintiff had no cause of action in fraud against the defendant and entered summary judgment in the case. Id. at 229-30.

As with the statute of limitations analysis, this reasonable reliance inquiry hinges on whether the Plaintiff received documents contradicting the alleged misrepresentations and/or providing the information alleged suppressed. As demonstrated earlier, Plaintiff's loan documents contradict at least some, if not all, of the alleged misrepresentations and/or provide

1394704                                          11

the information allegedly suppressed (See Ex. D(1)), and as long as Plaintiff received those documents, which the documents reflect she did and which discovery will confirm, then Plaintiff has no possibility of recovery from the non-diverse Defendant, thereby rendering remand improper. Given the significance of this determination with respect to the reasonable reliance and fraudulent joinder inquiries, Defendants request additional time to conduct discovery.

**B.    Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Amount in Controversy Issue.**

Defendants also need to conduct remand-related discovery in order to properly address the issue of the amount in controversy. Plaintiff alleges in her complaint that she has endured monetary damages, that "she has suffered mental anguish and emotional distress; and has otherwise been injured and damaged." (See Plaintiff's Complaint, at ¶ 26). Based on these alleged injuries, Plaintiff seeks a "judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs." (Id.)

Because Plaintiff has asked for an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Defendants, however, need to conduct discovery concerning the extent of Plaintiff's vague injuries and the damages sought as a result thereof in order to conclusively demonstrate that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott, 77 F.3d at 1357. Specifically, Defendants need to assess the magnitude of Plaintiff's alleged emotional/mental injuries and monetary damages. If permitted to do so, Defendants contend that plaintiffs with similar claims have sought damages in excess of $75,000. Moreover, Plaintiff should not be protected by an unspecified claim for damages. Rather, Defendants should be

allowed to conduct discovery as to the amount of damages sought in the present action and whether Plaintiff would decline an award in excess of $75,000. If permitted to do so, Defendants contend that they will be able to affirmatively demonstrate that Plaintiff actually seeks damages in excess of the jurisdictional amount. Based on the foregoing, this Court should grant Defendants additional time to conduct remand-related discovery regarding the amount in controversy requirement.

### III. CONCLUSION

As demonstrated above, Defendants need to conduct remand-related discovery to definitively demonstrate that the non-diverse Defendant in the present action has been fraudulently joined and that the amount in controversy requirement has been satisfied. As previously stated, both Judge Fuller in the Middle District of Alabama, and federal courts in Mississippi, which have addressed this very issue in identical lawsuits on numerous occasions, have permitted such discovery, and it has proven quite effective in weeding-out fraudulent claims against non-diverse defendants. Accordingly, this Court should follow this Mississippi precedent and grant Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery.

Respectfully submitted,

_____
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2005, I electronically filed the foregoing Motion for Additional Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

_____
OF COUNSEL

1394704

15