## NOTE AND SECURITY AGREEMENT

**AMERICAN GENERAL**

| ACCOUNT NUMBER | TYPE | DATE FINANCE CHARGE BEGINS TO ACCRUE IF DIFFERENT FROM DATE OF NOTE |
|---|---|---|
| 29888235 | E | |

| BORROWER(S) NAME AND ADDRESS | PAYEE (LENDER) |
|---|---|
| RODNEY COPE<br>MARY COPE<br>102 N SCHOOL ST<br>TUSKEGEE, AL 36863 | AMERICAN GENERAL FINANCE, INC.<br>1848 OPELIKA ROAD<br>AUBURN, AL 36830 |

| Date of Note | First Payment Due Date | Other Payments Due on Same Date of Each Month. | Final Payment Due Date | Amount of First Payment | Amount of Balloon Payment | Amount of Monthly Payment | Total Number of Payments | Term of Loan in Months |
|---|---|---|---|---|---|---|---|---|
| 12/11/97 | 01/15/98 | | 12/15/98 | $56.61 | $NONE | $54.96 | 12 | 12 |

### ITEMIZATION OF AMOUNT FINANCED

1. $NONE Premium to Life Insurance Co. (Joint Coverage)
2. $5.52 Premium to Life Insurance Co. (Single Coverage)
3. $14.50 Premium to Disability Insurance Co.
4. $9.15 Premium to Property Insurance Co. $ Amount of Coverage 500.00
5. $NONE Paid to Public Officials for Certificate of Title Fees
6. $16.75 Paid to Public Officials for Recording and Releasing Fees
7. Appraiser for Appraisal Fee $NONE PAID TO
8. Title Exam Fee/Title Insurance $NONE PAID TO
9. Taxes Paid to Gov't. Agency $NONE
10. Abstract Fee $NONE PAID TO
11. Attorney Fee $NONE PAID TO
12. Paid on Prior Account with Lender $NONE
13. Amount Paid to you or on your behalf itemized below → $3,500.00

14. $545.92 Amount Financed (Sum of lines 1 thru 13)
15. $115.25 FINANCE CHARGE
16. 36.22 % ANNUAL PERCENTAGE RATE
17. $661.17 Total of Payments
18. $575.92 Principal Amount of Loan (14 + 15A + 15B + 15C + 15D)

25.79% Agreed Rate of Charge

A. $30.00 Interest Surcharge
B. $NONE Prepaid Finance Charge (Points)
C. $NONE Prepaid Finance Charge (Mortgage Recording Tax)
D. $NONE Broker Fee Prepaid FINANCE CHARGE
E. $85.25 Interest

$500.00 YOU

**PARTIES:** "You" means each and all of those who signed this Note and Security Agreement ("Agreement") as a Borrower. If there is more than one Borrower, each is liable for the entire obligation ("joint and several liability"). The word "we", "us" and "our" mean Lender.

**PROMISE TO PAY:** You agree and promise to pay the original principal amount of the loan (amount financed plus any Interest Surcharge, Prepaid Finance Charges which includes Points, Brokers Fee and Mortgage Recording Tax) together with interest on the unpaid balances at the Agreed Rate of Charge set forth. The total of the original principal amount of the loan and such scheduled interest is to be repaid in monthly installments. The Finance Charge will be less if you make payments ahead of schedule, and greater if you make payments later than scheduled. You may prepay this loan in full or in part at any time without penalty. Partial prepayment will not defer or delay your obligation to pay remaining installments.

**TIME OF REPAYMENT:** The first payment shall be due on the First Payment Due Date indicated and the following payments shall be due on the same day of each succeeding month to and including the Final Payment Due Date.

**INTEREST SURCHARGE:** An interest surcharge of 6% of the first $2,000 of the amount financed may be charged to you by us. If your loan is prepaid in full by any means within 90 days of the date of your loan, you will receive a pro rata refund or credit of the Interest surcharge except that in such event, we can retain an amount of no less than $25. After 90 days, the interest surcharge is fully earned by us. No refund of the interest surcharge will be made except as stated in this provision.

**LATE PAYMENT CHARGE:** If a payment is more than 10 days late, you will be charged and we may collect a late payment charge not to exceed the greater of $10 or 5% of the amount of the scheduled payment in default, not to exceed $100.

**ARBITRATION OF CLAIMS AND WAIVER OF JURY TRIAL:** Borrower(s) hereby acknowledge that the transactions evidenced by this agreement involve interstate commerce. Borrower(s) and Lender agree that, except as otherwise set forth in this provision, all claims, disputes, or controversies of every kind and nature between Borrower(s) and Lender shall be resolved by arbitration including (i) those based on contract, tort or statute, (ii) those arising out of or relating to the transaction(s) evidenced by this agreement, the disclosures relating to this agreement, the Federal Disclosure Statement, any insurance certificates or policies, any documents executed at or about the same time this agreement was executed or (iii) those arising out of, relating to any other prior, proposed or actual loan or extension of credit (and the relationships which result from these transactions or any other previous transactions between Borrower(s) and Lender). Borrower(s) and Lender further agree that all issues and disputes as to the arbitrability of claims must also be resolved by the arbitrator.

BORROWER(S) AND LENDER UNDERSTAND THAT EACH HAS THE RIGHT TO LITIGATE SUCH DISPUTES THROUGH A COURT, AND BORROWER(S) AND LENDER VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL OR JUDGE TRIAL OF SUCH DISPUTES.

Arbitration of such claims will be conducted by a single arbitrator selected by the Borrower(s) and Lender, pursuant to the Federal Arbitration Act and according to the commercial rules of the American Arbitration Association, at a reasonable and convenient location to be selected by the Borrower(s). Each party shall pay one-half of the arbitration costs and expenses.

Borrower(s) and Lender agree that they and the Arbitrator shall be bound by the Federal Rules of Evidence in the arbitration of such claims. In the event of a conflict between the commercial rules of the American Arbitration Association and the Federal Rules of Evidence, the Federal Rules of Evidence control. The Arbitrator's findings, decision and award shall be written, and shall be based on the law of the jurisdiction in which this agreement was executed. The decision of the Arbitrator shall be final, binding, and enforceable in any court as though it were a decision on the merits after a trial on the merits. The Arbitrator's findings, decision and award shall be subject to judicial review as provided in 9 USC Section 10.

BORROWER(S) AND LENDER AGREE THAT THE ARBITRATOR MAY AWARD PUNITIVE DAMAGES ONLY UNDER CIRCUMSTANCES WHERE A COURT OF COMPETENT JURISDICTION COULD AWARD SUCH DAMAGES. HOWEVER, IN NO EVENT SHALL AN AWARD OF DAMAGES EXCEED FIVE (5) TIMES THE ECONOMIC LOSS SUFFERED BY THE PARTY. BORROWER(S) AND LENDER FURTHER AGREE THAT THE ARBITRATOR SHALL NOT CONDUCT ANY CLASS-WIDE PROCEEDINGS AND WILL BE RESTRICTED TO RESOLVING THE INDIVIDUAL DISPUTES BETWEEN THE PARTIES.

Borrower(s) and Lender agree that, notwithstanding the foregoing, Lender retains the right to use judicial or self-help remedies (i) to repossess or foreclose on collateral or to enforce the security interests relating to this transaction, and (ii) to pursue collection actions against the Borrower(s) where the amount of the debt is $10,000 or less. The exercise of this right by Lender to pursue judicial or self-help remedies shall not constitute a waiver of Lender's right to compel the arbitration of any claim or dispute subject to this arbitration clause - including the filing of a counterclaim by Borrower(s) in a lawsuit filed by Lender.

This arbitration clause shall be binding upon the assigns, directors, officers, representatives, employees, parent companies, affiliated companies, subsidiaries and successors of Lender, and the administrators, assigns, executors, heirs and representatives of Borrower(s). In addition, the parties agree to submit to arbitration not only the foregoing claims or disputes against each other, but also all claims or disputes they have against (i) all other persons or entities involved with the transactions subject to this clause, (ii) all persons or entities who signed or executed any of the documentation subject to this clause, and (iii) all persons or entities who may be jointly or severally liable to any of the parties to this agreement regarding matters or events relating to the transactions and documentation subject to this clause.

Borrower(s) and Lender agree that if any provision of this arbitration clause is invalid or unenforceable under the Federal Arbitration Act, the provision which is found to be invalid or unenforceable shall be inapplicable and deemed omitted, but shall not invalidate the remaining provisions of this arbitration clause, and shall not diminish the parties' obligation to arbitrate the disputes subject to this clause.

**COPY RECEIVED:** You acknowledge receipt of a completely filled in copy of this Agreement and the Federal Disclosure Statement on a separate sheet. You further acknowledge that you have read, and agree to all terms and provisions of the Arbitration of Claims and Waiver of Jury Trial.

**CAUTION:** IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Witness _____

Signature of Principal Borrower _____

Signature of Other Borrower _____

**EXHIBIT D(1)**

SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT TERMS

AUB.4942.0061

1 ALABAMA I.B: MINI-CODE AND INTEREST AND USURY

SECURITY INTEREST: You grant us a security interest in the property described in the Federal Disclosure Statement, the collateral appraisal of the same date signed by you and/or as described below, along with all attachments, accessories, replacements, accessions and proceeds thereof, including amounts payable under any insurance policy covering the loss of such property, and unearned premiums (all collectively "Property"). The Property secures your obligations under this Agreement and any modification, extension, or renewal thereof.

| Year | Make | Model | Body Type | Vehicle Identification No. | N-U | No. Cyls. |
|------|------|-------|-----------|----------------------------|-----|-----------|
|      |      |       |           |                            |     |           |
|      |      |       |           |                            |     |           |

You grant us a security interest in any unearned premiums from any insurance you have elected and purchased through us in connection with this transaction which protects the account or collateral. You grant us the right, but not the obligation, to cancel such policies in the event of your default, subject to any applicable restrictions under state law. If we cancel the insurance, any unearned premium will be credited to this account or refunded to you.

BAD CHECK FEE: We may charge you the greater of the bad check processing fee of $20.00 or the amount equal to the actual charge made by the depository institution for the return of unpaid or dishonored instruments if you make a payment by check, draft or negotiable order of withdrawal and such instrument is refused by the bank because of insufficient funds or because you did not have an account at that bank at the time of presentation. Bad check fees will accrue.

ATTORNEY FEES: If the original principal amount of the loan exceeds $300.00, you agree to pay reasonable attorney's fees should this loan be referred for collection to an attorney who is not a salaried employee. Attorney fees will not be in excess of 15% of the unpaid debt.

DEFAULT AND REMEDIES: If you do not pay the full amount of any payment by the date it is due, if you fail to keep any promise in this Agreement, if all Borrowers die, or if any Bankruptcy proceeding is commenced by or against you, then you are in default. Upon default, we may accelerate this Agreement and demand from you immediate payment of the entire amount of the unpaid principal and accrued but unpaid interest, and any other accrued but unpaid charges. We may take immediate possession of the Property, with or without process, by peaceful entry upon the premises where the Property is located. Upon request, you will assemble the Property for us at any place we reasonably request. We have the rights, remedies, and duties of a secured party under the Alabama Uniform Commercial Code, and may sue you and/or foreclose our security interest in the Property as may be permitted or required thereunder and in compliance with all other applicable laws. You will remain liable to us for any remaining deficiency balance unless the original cash price of the goods was $1,000 or less. The deficiency balance shall bear interest at the highest Agreed Rate(s) of Charge or Annual Percentage Rate as permitted by law. Our rights are cumulative and not exclusive.

INTEREST AFTER FINAL PAYMENT DUE DATE: If there is any unpaid balance remaining on the Final Payment Due Date, you agree to pay interest on that balance at the rates set forth, or at the highest lawful contract rate whichever is higher.

DELAY IN ENFORCEMENT: We may accept late payments or partial payments even though marked "payment in full" without losing any of our rights under this Agreement. We may delay enforcing any of our rights under this Agreement without losing them.

AGREEMENTS CONCERNING PROPERTY:
1. You agree that regardless of how affixed, the Property shall remain personal property, and shall not become part of any Real Estate.
2. You own the Property free and clear except for the security interest you have granted us and will keep the Property free and clear of any other liens, claims and security interests.
3. You will keep the Property at your address shown on this Agreement.
4. You will keep the Property in good repair, not misuse it, not use it for an improper or illegal purpose, hide it, or without our prior written consent, sell it.
5. You understand that all risk of loss is on you. You agree to keep the Property (not including household goods) fully insured with us as a loss payee or co-insured. IN THE EVENT YOU FAIL TO KEEP THE PROPERTY FULLY INSURED, YOU AGREE THAT WE MAY, BUT ARE NOT OBLIGATED TO OBTAIN INSURANCE AND YOU WILL REIMBURSE US IMMEDIATELY FOR SUCH EXPENSE. IF SUCH INSURANCE IS PURCHASED BY US, WE MAY ADD SUCH PREMIUM TO YOUR ACCOUNT AND CHARGE INTEREST ON SUCH PREMIUM. NO LIABILITY INSURANCE WILL BE INCLUDED. Notwithstanding the foregoing, you will not be required to maintain property insurance on household goods.
6. Until you reimburse us, all premiums paid by us, and our expenses related to insuring, protecting, repossessing, storing, repairing, foreclosing, and selling the Property are secured hereunder and shall bear interest at the Agreed Rates of Charge herein.
7. You irrevocably appoint us your Attorney-in-Fact to receive and endorse and apply to your balance any insurance draft we may receive.

GOVERNING LAW: This loan is regulated by either the Alabama Small Loan Act, The Alabama Mini-Code and/or the Interest and Usury Statute depending on the amount and the term on the loan.

NOTICE: The following NOTICE applies if you were referred to us by a seller of consumer goods or services and a substantial portion of the proceeds of this loan is used for the purchase of consumer goods from that seller.

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

CO-SIGNER GUARANTY AND GRANT OF SECURITY INTEREST:

To induce us to extend credit to the Borrower, the undersigned Co-Signer guarantees the Borrower's obligation to us as set forth in the Agreement above and on the reverse. You grant us a security interest in your interest, if any, of all property described in the Federal Disclosure Statement, Collateral Appraisal and/or that property as described in this Agreement, on the same terms, as found in the "Security Interest" and "Agreements Concerning Property" paragraphs in this Agreement. You understand that we may sue and collect Borrower's entire obligation from either or both of you if the Borrower defaults, regardless of whether we choose to sue or attempt to collect from the Borrower. You waive all defense, rights and notices, including, but not limited to, acceptance, presentment, demand, dishonor and subrogation, to the extent permitted by law. We may extend, renew, compromise or modify Borrower's obligation, substitute or release collateral, or delay in enforcement of our rights, all without your consent or notice, without you being released from your obligations to us under this guaranty and grant of security interest. If there is more than one Co-Signer, each of your guaranties, grants of security interest, agreements and waivers is joint and several.

_____   _____   Date _____
Co-Signer's Signature           Address

_____   _____   Date _____
Co-Signer's Signature           Address

AUB.4942.0062

Co-Signer acknowledges receipt of a separate copy of the NOTICE TO CO-SIGNER. If a security interest (mortgage or deed of trust) is being granted in your Co-Signer's principal dwelling to secure the Borrower's obligation, Co-Signer also acknowledges _____ Disclosure Statement and two copies of the NOTICE OF RIGHT TO CANCEL, unless the transaction _____ new money except for earned interest and closing costs.

**FEDERAL DISCLOSURE STATEMENT**

**AMERICAN GENERAL**

| ACCOUNT NUMBER |
|---|
| 29888235 |

| BORROWER(S) NAME AND ADDRESS | LICENSED OFFICE: (LENDER) |
|---|---|
| RODNEY COPE<br>MARY COPE<br>102 N SCHOOL ST<br>TUSKEGEE, AL 36863 | AMERICAN GENERAL FINANCE, INC.<br>1848 OPELIKA ROAD<br>AUBURN, AL 36830 |

| Date of Loan | First Payment Due Date | Other Payments Due on Same Date of Each Month | Final Payment Due Date | Amount of First Payment | Amount of Balloon Payment | Amount of Monthly Payment | Total Number of Payments | Term of Loan in Months |
|---|---|---|---|---|---|---|---|---|
| 12/11/97 | 01/15/98 | | 12/15/98 | $56.61 | $NONE | $54.96 | 12 | 12 |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 36.22 % | $115.25 | $545.92 | $661.17 |

LATE PAYMENT CHARGE: If a payment is more than 10 days late, you will be charged and we may collect a late payment charge not to exceed the greater of $10 or 5% of the amount of the scheduled payment in default, not to exceed $100.

PREPAYMENT: If you pay off early, you will not have to pay a penalty.

SECURITY: You are giving a security interest in:

☐ The goods or property being purchased.   ☐ Motor Vehicle

☒ Other    2 CROSSLEY 19" COLOR TV'S , 1 PIONEER 25" COLOR TV, AND COVER PIONEER

☐ You are giving a security interest in your Real Estate located at

☐ The previous Mortgage/Deed of Trust is being retained as security on your loan.

ASSUMPTION: Someone buying your house may not assume the remainder of the Mortgage on the original terms.

INSURANCE: Credit life and/or credit disability insurance are not required to obtain a loan and will not be provided unless you sign and agree to pay the additional cost. You understand that we and/or our insurance affiliates anticipate a benefit and/or a profit from the sale of insurance, and you consent thereto if you select such insurance. If a rescission period applies, there is no credit life insurance coverage during the three day rescission period.

| Type | Premium | Signature(s) |
|---|---|---|
| Single Decreasing Credit Life and Single Credit Disability | $20.02 | I want single decreasing credit life and single credit disability insurance<br>Signature(s): Rodney Cope — First Named Borrower<br>Mary Cope — Second Named Borrower |

**CREDIT LIFE AND/OR DISABILITY INSURANCE CANCELLATION OPTION**

CREDIT LIFE AND/OR DISABILITY CANCELLATION: If you desire to do so, you may, without penalty or obligation, within 15 days from the Date of Loan set forth above, cancel the credit life and/or disability insurance coverage by returning the credit life and disability insurance certificate received in connection with this loan to the office where the loan was made. Upon cancellation, a full rebate of the insurance premiums paid for this coverage will be made. You may also cancel such policy after 15 days, however, you will only be entitled to a refund of the unearned premium.

**PERSONAL PROPERTY INSURANCE DISCLOSURE**

You are required to maintain property insurance on personal property securing this loan other than household goods. You may obtain such insurance from anyone you want, or provide it through an existing policy with loss payable to us.

You are not required to purchase property insurance on your household goods to secure this loan. If you choose to have such insurance, you may obtain the insurance from anyone you want. You should consider any homeowner's or other insurance which you may already have when deciding to purchase insurance with this loan. If you purchase property insurance through us which covers the collateral which secures your loan other than a motor vehicle, you will have 15 days from the date of purchase to cancel the insurance and receive a full refund of the premium. A portion of the premium will be retained by the insurer if cancellation occurs more than 15 days from the date of the loan. To cancel you must return your policy/certificate or make a written request to this office.

If you obtain property insurance from or through us which covers the collateral which secures your loan other than a motor vehicle, it will be for a term of __12__ months and you will pay $__9.15__. You also understand that we and/or our insurance affiliates anticipate a benefit and/or a profit from your purchase of insurance.

You want property insurance

_____Rodney Cope_____ Signature

_____Mary Cope_____ Signature

See the contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties if any.

You have received a copy of this Federal Disclosure Statement.

_____Rodney Cope_____ First Named Borrower     Date: 12-11-97

_____Mary Cope_____ Second Named Borrower (if Applicable)     Date

001-00002 (8-1-97) ALB141 ALABAMA INTEREST BEARING MINI-CODE AND USURY

AUB.4942.0063